# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EMMANUEL ASANTE, | : | MOTION TO VACATE |
| BOP ID 82049-083, | : | 28 U.S.C. § 2255 |
|   Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-4688-SCJ-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|   Respondent. | : | 1:13-CR-350-SCJ-CMS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Emmanuel Asante's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sent[e]nce by a Person in Federal Custody. *See* [22]. For the following reasons, the undersigned **RECOMMENDS** that Asante's § 2255 motion be **SUMMARILY DISMISSED** and that a Certificate of Appealability be **DENIED**.

On September 25, 2013, Asante entered a negotiated plea of guilty to a two-count Information charging him with federal firearms offenses. *See* [4 (Minute Entry)] & [16 (Rule 11 Hearing Transcript)].

On December 3, 2013, Asante was sentenced to a 46-month term of imprisonment and 3 years of supervised release. *See* [8 (Judgment & Commitment)] & [17 (Sentencing Hearing Transcript)].

Asante's direct appeal was denied on April 6, 2015, and his petition for a writ of certiorari was denied on October 5, 2015.  *See United States v. Asante*, 782 F.3d 639 (11th Cir. 2015), *cert. denied*, 2015 U.S. LEXIS 5444 (Oct. 5, 2015).

Asante signed and mailed his § 2255 motion in this case on December 12, 2016.  *See* [22] at 10 & 11.

It thus appears from the face of Asante's § 2255 motion that it is untimely, because more than one year passed from the date on which judgment against him became final (on October 5, 2015), and the date on which he filed his § 2255 motion (on December 12, 2016).  *See* 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 527 (2003).

Asante states in his § 2255 motion that he "only found out about the immigration consequences in March 04, 2016, when [he] came into immigration custody [and] learned that pleading guilty to the firearms charge was a bad idea because it is a particularly serious crime." [22] at 9.

Whether construed as a request for "equitable tolling" of the one-year limitation period or as an argument that the limitation period did not begin to run until he made this "discovery," *see* 28 U.S.C. § 2255(f)(4), it is plain

from the record of prior proceedings that Asante has known for over three years that he would face deportation when released from prison.

The transcript from Asante's sentencing on December 3, 2013, reflects that he is a "citizen of Ghana by virtue of birth." [17] at 42. During sentencing, Asante's lawyer noted that, in addition to his custodial sentence, "he may really be facing deportation and not being able to ever be in this country again." [17] at 68. Asante's lawyer further noted that "there is going to be fallout and impact on his family even beyond that jail sentence [because] he's got to uproot two kids who are United States citizens to take them to Ghana in order to be able to be with their father so he can support them." *Id.* Moreover, in imposing sentence, the district judge specifically stated:

> Upon completion of the term of imprisonment and release from custody under the Bureau of Prisons the defendant is to be turned over to a duly authorized immigration official for appropriate removal proceedings from the United States pursuant to 18 USC 3583(d) and in accordance with the Immigration and Nationality Act. You cannot re-enter the United States without receiving permission from the Secretary of Homeland Security or the Attorney General.

[17] at 78. Finally, Asante offered a lengthy allocution at sentencing, and he did not express confusion (or surprise) that he faced deportation as a consequence of his negotiated guilty plea and conviction. *Id.* at 70-72.

3

Asante's claim that he only learned in 2016 that his 2013 conviction would have immigration consequences is thus flatly contradicted by the record of prior proceedings.  Moreover, even if it were true that Asante did not learn until March 2016 that his 2013 conviction had immigration consequences, his nine-month delay until December 2016 in filing his § 2255 motion reflects a lack of diligence that would disentitle him to equitable tolling of the one-year limitation period.

For all of the foregoing reasons, Asante's § 2255 motion should be summarily dismissed because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  28 U.S.C. foll. § 2255, Rule 4.

In addition, a Certificate of Appealability should be denied in this case because Asante does not meet the requisite standards.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138

(11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 10th day of January, 2017.

*/s/ Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE