# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| EMMANUEL ASANTE, | : | MOTION TO VACATE |
| BOP ID 82049-083, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-4688-SCJ |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:13-CR-350-SCJ |

## **ORDER**

This matter is before the Court on (A) Emmanuel Asante's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sent[e]nce by a Person in Federal Custody [22], (B) Magistrate Judge Catherine Salinas's Final Report and Recommendation ("R&R") [23] recommending summary dismissal, and (C) Asante's Objections [25].

The Court has reviewed the R&R and the record of prior proceedings *de novo*, in light of Asante's Objections. *See* 28 U.S.C. § 636(b)(1). The Court has also construed Asante's filings liberally because he is proceeding *pro se*. *See, e.g., Tannebaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Asante, a citizen of Ghana, argues in his § 2255 motion and in his Objections that "[h]e pled guilty due to erroneous advice by counsel" with respect to the

immigration consequences he faced once convicted. [25] at 1; *see also* [22] at 6 (same). For the sake of discussion, the Court will assume that Asante's attorney, indeed, fell short of the constitutional requirement that "counsel must inform her client whether his plea carries a risk of deportation." *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010).

However, Asante has no serious response to the R&R's determination that he learned at sentencing on December 3, 2013, that his guilty plea carried a risk of deportation. *See* [23] at 3. Among other things, the R&R quoted this Court's statement during Asante's sentencing that "[u]pon completition of the term of imprisonment and release from custody under the Bureau of Prisons[,] the defendant is to be turned over to a duly authorized immigration official for appropriate removal proceedings from the United States." *Id.* (quoting [17] at 78). There is no reasonably debatable question that this statement–if nothing else–was sufficient to put Asante on notice that his guilty plea and conviction in 2013 carried a risk of deportation.[1]

---

[1] The Court need not–and does not–credit Asante's claim that he "only found out about the immigration consequences in March 04, 2016, when [he] came into immigration custody." [22] at 9. The transcripts from prior proceedings make it abundantly clear that Asante was informed, at the very latest, at his sentencing hearing on December 3, 2013, *see* [17] at 78, that he was at risk of being deported, even if it is assumed that his attorney had not advised him of that risk sooner.

Nor does Asante have any serious response to the R&R's determination that the one-year limitation period for filing a § 2255 motion began to run on October 5, 2015, the day on which the Supreme Court denied his petition for a writ of certiorari. *See* [23] at 2 (citing *Asante v. United States*, 136 S. Ct. 192 (Oct. 5, 2015)). *See also* 28 U.S.C. § 2255(f); *Clay v. United States*, 537 U.S. 522, 527 (2003).

Consequently, the R&R's conclusion that "[i]t thus appears from the face of Asante's § 2255 motion that it is untimely, because more than one year passed from the date on which judgment against him became final (on October 5, 2015), and the date on which he filed his § 2255 motion (on December 12, 2016)," [23] at 2, is plainly correct.

Accordingly, (A) Asante's Objections are **OVERRULED**, (B) the R&R is **APPROVED** and **ADOPTED** as the Order of the Court, as modified herein, (C) this case is **SUMMARILY DISMISSED** as untimely filed, (D) a Certificate of Appealability is **DENIED**, and (E) the Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 8th day of May, 2017.

s/Steve C. Jones
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

3